### In re STEELE et al.

(District Court, S. D. Iowa, E. D. December 12, 1899.)

**1. BANKRUPTCY—ASSETS—LIFE INSURANCE POLICY.**

A policy of insurance on the life of a bankrupt, having a cash surrender value payable to the bankrupt himself, or to his estate or personal representatives, passes to, and vests in, his trustee as assets of the estate in bankruptcy, subject to the right of the bankrupt to redeem the same by paying to the trustee its surrender value, notwithstanding that a statute of the state (Code Iowa, § 1805) provides that the proceeds of such policies shall be exempt from liability for the debts of the assured, and although section 6 of the bankruptcy act declares that "this act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws"; for the general language of section 6 is limited and restrained in this instance by the specific provision of section 70a, cl. 5, that such a policy "shall pass to the trustee as assets," unless the bankrupt pays or secures to him its surrender value.

**2. SAME.**

A policy of insurance on the life of a bankrupt, payable to himself, his executors, administrators, or assigns, no other person having any interest in the policy or its proceeds, will vest in his trustee as assets of his estate, subject to the right of the bankrupt to redeem the same by paying or securing to the trustee its cash surrender value.

**3. SAME.**

Where a wife holds a policy of insurance on the life of her husband, by the terms of which she is bound to pay the premiums and is entitled to receive the proceeds of the policy, such policy will become a part of the assets of her estate in bankruptcy, unless she secures or pays to her trustee its cash surrender value.

**4. SAME.**

Where a policy of life insurance provides that the principal sum shall be paid to the assured himself at the end of a stipulated term of years, if he is then living, or to his wife, if he dies before the expiration of the term, its surrender value is payable to the assured, and the policy will pass to his trustee as assets in bankruptcy, unless redeemed by the bankrupt as provided in the statute.

**5. SAME.**

A policy of insurance on the life of a bankrupt, payable to his wife, is her separate property, and not assets of his estate in bankruptcy.

**6. SAME.**

Where a policy of life insurance, payable to the executors, administrators, or assigns of the assured, was by him assigned to his wife, by a writing duly executed and attached to the policy, before the enactment of the bankruptcy law, nothing appearing to impugn the good faith of the transaction, the wife is the beneficial owner of the policy, and it will not pass to the husband's trustee in bankruptcy as assets of his estate.

In Bankruptcy. On review of decision of referee in bankruptcy.

W. J. Roberts and Hillhouse Buel, for creditors and trustee in bankruptcy.

W. B. Collins, for bankrupts.

SHIRAS, District Judge. From the record certified to the court in this case it appears that the firm of Steele & Co., and the partners therein, Anna M. Steele, Daniel Steele, William M. Steele, and Daniel H. Steele, have been duly adjudged bankrupts in this district, and, in the proceedings had before the referee, the question arose as to the rights of the creditors represented by the trustee in certain policies of life insurance held by the bankrupts, and from the ruling made by the referee an appeal has been taken to this court. It appears from the evidence that Anna M. Steele is the wife of Daniel Steele; that Daniel, William M., and Daniel H. Steele are and were, when the proceedings in bankruptcy were instituted, heads of families, and were then, and are now, citizens and residents of the state of Iowa. Of the policies in question, three are on the life of Daniel Steele, two on the life of William M. Steele, and one on the life of Daniel H. Steele.

Under the broad provisions of section 1805 of the Code of Iowa, none of these policies could be now subjected to process in favor of creditors, or be rendered available to the creditors by proceedings other than those instituted under the bankrupt act; and, as the policies are exempt from liability to creditors by this provision of the state statute, it is earnestly contended that they must be held exempt in the bankruptcy proceedings by reason of the declaration contained in section 6 of the bankrupt act, to the effect that the act shall not affect the allowance to a bankrupt of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition. In the case of In re Lange (D. C.) 91 Fed. 361, I held that the general provisions of section 6 of the act were limited and controlled by the exception contained in section 70, and that, construing the two sections together, it must be held that, where a bankrupt held a policy payable to himself, his heirs or legal representatives, the surrender value thereof would be part of the assets of his estate in bankruptcy.

While I freely admit that the question is not free from doubt, I shall adhere to the view expressed in the Lange Case of the meaning of the statute; and therefore the remaining question is, what is the result of the application of this rule to the policies involved in this case?

The policy issued by the Mutual Benefit Life Insurance Company upon the life of Daniel Steele, numbered 109,795, for the sum of $2,000, is payable to Daniel Steele, his executors, administrators, or as-

signs. The surrender value of this policy is payable to the bankrupt, no other person having any interest in the policy or its proceeds, and the policy will therefore become part of the assets of the bankrupt's estate, unless he avails himself of the right to pay or secure the surrender value to the trustee.

There are two policies issued by the Mutual Life Insurance Company of New York,—one numbered 31,523, for the sum of $2,000, and one numbered 47,739, for the sum of $3,000. In form, these policies are contracts between Anna M. Steele and the insurance company, the life insured being that of Daniel Steele, the husband of Anna M. By the terms of the contract, it is Anna M. Steele who is bound to pay the annual premiums, and she is the person to whom the proceeds of the policy are made payable. Under these circumstances, Mrs. Steele would be entitled to the surrender value of the policies, if the same were now terminated, and she alone could contract with the company to terminate the same by receiving the surrender value thereof. These policies are therefore the property of Mrs. Steele. They have a surrender value, payable to her, and, as she is one of the bankrupts, these policies are part of the assets of her estate to which the trustee is entitled, unless the surrender value is paid or secured to him by the bankrupt.

The policy on the life of William M. Steele issued by the New England Mutual Life Insurance Company, numbered 105,575, for the sum of $5,000, is in the nature of an endowment policy; it being therein provided that, at the end of 48 years, the principal sum shall be paid to William M. Steele, if then living, but, in case of his death before that date, the amount should be paid to his wife. The surrender value of a policy of this form is clearly payable to William M. Steele, the bankrupt, and therefore the policy will pass to the trustee, unless the surrender value is settled with him as provided for in the act.

The remaining policy on the life of William M. Steele is in the Penn Mutual Life Company, numbered 102,082, for $5,000, and is payable to his wife, Gracie. The wife is the beneficiary of this policy, and, as she is not one of the bankrupts, her interest therein cannot be destroyed by treating the policy as part of the estate of her bankrupt husband. This policy must be deemed to be her property, in which the trustee has no interest.

The remaining policy is one issued by the Northwestern Mutual Life Insurance Company in the sum of $5,000, numbered 322,790, on the life of Daniel H. Steele; the company contracting to pay the sum named in the policy to the executors, administrators, or assigns of Daniel H. Steele. Under date of May 21, 1895, Daniel H. Steele, by a writing duly executed and attached to the policy, assigned the same to Helen B. Stafford, to whom he was then engaged to be married, and who is now his wife. The effect of this assignment was to make the policy one payable to the wife of the insured. She became the beneficiary thereof, and is entitled to the proceeds of the policy. This assignment was made in 1895, long before the adoption of the bankrupt act, and there is nothing to impugn the good faith of the transaction. I therefore hold that this policy is not part of the assets of the bankrupt Daniel H. Steele, and the trustee has no interest in or

right thereto. Unless, therefore, the bankrupts promptly exercise their right to pay or secure to the trustee the surrender value of the policies in the Mutual Benefit, the Mutual Life, and the New England Companies, the same will become assets of the estate in the hands of the trustee. The referee, upon receiving this opinion, will at once send notice by mail to the bankrupts of the ruling of the court, which affirms the rulings of the referee from which the appeal was taken.