STEELE et al. v. BUEL et al.

(Circuit Court of Appeals, Eighth Circuit. November 12, 1900.)

No. 1,394.

1. BANKRUPTCY—APPEALS—TIME OF TAKING.
    The limitation of 10 days for taking appeals prescribed in Bankr. Act 1898, § 25, applies only to appeals from the particular judgments enumerated in such section; but a general right of appeal is given by section 24, which is applicable to all other controversies, and which is without any limitation as to time other than that fixed by the law for the regulation of appeals generally.[1]

2. SAME—EXEMPTIONS.
    The provision of Bankr. Act 1898, § 6, that "this act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws," etc., establishes the rule of exemption which pervades the entire act, and must be read into every other section and provision thereof.

---

[1] Appeal and review in bankruptcy proceedings, see note to In re Eggert, 43 C. C. A. 9.

**8. Same—Insurance Policies.**

Bankr. Act 1898, § 70, provides that the trustee in bankruptcy shall be vested, by operation of law, with the title of the bankrupt, "except in so far as it is to property which is exempt, to all * * * (5) property which prior to the filing of the petition he could by any means have transferred, or which might have been levied upon and sold under judicial process against him: provided, that when any bankrupt shall have any insurance policy which has a cash surrender value * * * he may, within thirty days after the cash surrender value has been ascertained, * * * pay or secure to the trustee the sum so ascertained and stated, and continue to hold, own, and carry such policy free from the claim of creditors; * * * otherwise the policy shall pass to the trustee as assets." *Held*, that the entire section is limited in its application, by its own terms, and by section 6, which establishes the rule of exemption, to property which is not exempt under the state laws, and that the proviso to clause 5 applies only to insurance policies which are not so exempt, and is intended in such case to give the bankrupt the preferred right to retain such policies on payment of their cash surrender value.

Appeal from the District Court of the United States for the Southern District of Iowa.

The firm of Steele & Co. and Daniel Steele, Anna M. Steele, William M. Steele, and Daniel H. Steele, the individual members composing the firm, were duly adjudged bankrupts in the district court of the United States for the Southern district of Iowa, Eastern division. All the parties were, when the proceedings in bankruptcy were instituted, heads of families, and citizens and residents of the state of Iowa. At the date of the adjudication the bankrupts severally held policies of insurance on their lives as follows: Daniel Steele, three on his life; William M. Steele, two on his life; Daniel H. Steele, one on his life. The bankrupts claim that these policies of insurance and their cash value were exempt under the laws of Iowa from the payment of their debts, and that, being so exempt, neither the policies nor their cash value passed to the trustee in bankruptcy as assets of their estates under the bankrupt act. The referee in bankruptcy reported to the district court that the policies were not exempt under the bankrupt act, but passed to the trustee as assets of the bankrupts' estates; and the district court, somewhat doubtingly, confirmed the ruling of the referee, on the authority of a previous decision of that court in Re Lange (D. C.) 91 Fed. 361, and thereupon the bankrupts appealed the case to this court.

W. B. Collins (H. R. Collins, on the brief), for appellants.

James C. Davis, W. J. Roberts, and Hillhouse Buel, for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

It is objected by the appellees that the appeal was not taken within 10 days, as required by section 25 of the bankrupt act, but the limitation of 10 days prescribed by that section is by its terms limited to appeals "in the following cases, to wit: (1) From a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) from a judgment granting or denying a discharge; and (3) from a judgment allowing or rejecting a debt or claim of five hundred dollars or over. Such appeal shall be taken within ten days after the judgment appealed from has been rendered, and may be heard and determined by the appellate court in term or vacation, as the case may be." This case does not fall under either of the three heads mentioned in the section. The rule, therefore, applicable to this case is found in section 24, which gives the right of appeal in absolute

terms, without any limitation as to time other than that fixed by law for the regulation of appeals generally.

The remaining question is, were the policies exempt under the bankrupt act? The learned district judge, in his opinion in this case, concedes that policies of life insurance are exempt from the payment of the assured's debts under the Code of Iowa. The broad and comprehensive provisions of section 1805 of the Code of that state leave no room for doubt on this question. The claim of the trustee is that the proviso to section 70 of the bankrupt act abrogates the state law and section 6 of the bankrupt act, so far as relates to the exemption of policies of life insurance held by the bankrupt. Section 6 of the act declares:

"This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in the state wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition."

This section establishes the rule of exemption in the most absolute and unqualified terms, and that rule is the state law. The phrase, "this act shall not," is the exact legal equivalent of the expression, "nothing contained in this act shall." This rule of exemption, therefore, pervades the whole act, and is to be read into every other section and provision of the act. If congress had intended to diminish or lessen the state exemptions in any case, and particularly if it had intended to subject to the payment of the bankrupt's debts his policies of life insurance which were exempt under the state law, that intention would undoubtedly have found expression in clear and unmistakable language in section 6. That was the appropriate place for limiting or qualifying the state exemptions, if it was to be done at all. "If a general provision is merely to be negatived in some particular, the negative should be expressed in immediate contact with the general words." Bouv. Law Dict. tit. "Proviso." Additional exemptions or benefits not granted to the debtors by the state laws might be provided for, in the proper connection, anywhere in the act, as was done by this proviso in relation to policies of life insurance in states which do not exempt them, as we shall presently see. In construing the proviso to section 70, not only the whole of that section, but the whole act, must be considered. That section reads as follows:

"The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all (1) documents relating to his property; (2) interests in patents, patent rights, copyrights and trade-marks; (3) powers which he might have exercised for his own benefit, but not those which he might have exercised for some other person; (4) property transferred by him in fraud of his creditors; (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him: provided, that when any bankrupt shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated, and continue to hold, own,

and carry such policy free from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceedings, otherwise the policy shall pass to the trustee as assets; and (6) rights of action arising upon contracts or from the unlawful taking or detention of, or injury to, his property."

The only right or title the trustee has to any of the bankrupt's property is acquired under this section. It vests the title of the property in the trustee, "except in so far as it is to property which is exempt." How is it to be known what "is exempt"? There is but one source of information on that subject, and that is the state law adopted by section 6, and the legal effect of this exception is precisely the same as if it read, "except property which is exempt under the state law." This exception must be read into every other clause and provision of the section. The fifth clause of this section shows conclusively that the construction of the proviso contended for by the trustee is wholly inadmissible. By the plain language of this clause of this section, the trustee is invested with the title to all the bankrupt's "property which prior to the filing of the petition he could by any means have transferred. * * *" Now, the bankrupt could have transferred every particle of property he owned prior to the filing of the petition, and why does not the trustee set up a claim to all of it under this clause? Because it is felt that if such a claim was made it must fail, for the reason that it would be perceived at once that to grant it would completely nullify section 6 and all exemptions under state laws, leaving the bankrupt without any exemption whatever. But there is just as much reason for the trustee claiming under this clause all the property exempt under the state law as there is for claiming a part of it. The difference is one of degree only. It is obvious that section 6 must be read into this clause, if that section is to have any effect at all, and the bankrupt to be allowed any exemptions. But the clause of the fifth paragraph immediately preceding the proviso, and to which the proviso, according to the accepted rule for the construction of provisos, must be referred, removes all doubt as to what is meant by the proviso. In connection it reads: "The trustee * * * shall be vested by operation of law with the title of the bankrupt * * * to all property which might have been levied upon and sold under judicial process: provided, that when any bankrupt shall have any insurance policy which has a cash surrender value," etc. What kind of an insurance policy is here meant? Plainly and obviously an insurance policy "which might have been levied upon and sold under judicial process," and as to such policies the proviso makes a provision by which the bankrupt may retain his policy by paying its cash surrender value, and thus retain the benefit of the low rate of premium obtained when he was younger, and which could not be obtained on a new policy. Moreover, the proviso is to be read in the light of section 6, and made to harmonize with it and the other provisions of section 70, and, giving due effect and operation to this rule of construction, the proviso means precisely what it would if it read, "provided, that when any bankrupt shall have any insurance policy *not exempt.*" The italicized words or their equivalent are necessarily implied from the other provisions of this section as well

as from the sweeping provisions of section 6, and what is implied in a statute is as much a part of it as what is expressed. U. S. v. Babbitt, 1 Black, 61, 17 L. Ed. 94; Gelpcke v. City of Dubuque, 1 Wall. 221, 17 L. Ed. 519; Wilson Co. v. Third Nat. Bank, 103 U. S. 770, 26 L. Ed. 488; Thurber v. Miller, 32 U. S. App. 209, 14 C. C. A. 432, 67 Fed. 371. This construction gives effect to every provision of the act, and renders them harmonious.

It has always been the policy of congress to exempt to debtors and bankrupts the property exempt to them by the state law. From the organization of the federal courts under the judiciary act of 1789, the law has been that creditors suing in those courts could not subject to execution property of their debtor exempt to him by the law of the state. Judiciary Act 1789 (1 Stat. 93, c. 21); Wayman v. Southard, 10 Wheat. 1, 32, 6 L. Ed. 253; Lamaster v. Keeler, 123 U. S. 376, 8 Sup. Ct. 197, 31 L. Ed. 238; Dartmouth Sav. Bank v. Bates (C. C.) 44 Fed. 546. Confessedly, the creditors, who through the trustee are now seeking to subject these policies to the payment of their debts, could not have subjected them to the payment of their debts by execution or other legal process issuing either from the state or the federal courts. The same rule has obtained under the bankrupt acts, which have sometimes increased the exemptions, notably so under the act of 1867 (section 5045, Rev. St.), but have never lessened or diminished them. An intention on the part of congress to violate or abolish this wise and uniform rule observed from the creation of our federal system should be made to appear by clear and unmistakable language. It will not be presumed from a doubtful or ambiguous provision fairly susceptible of any other construction. If congress was going to attack the state exemptions and lessen or diminish them in any degree, the exemption of life insurance policies would be the very last exemption to be attacked. They are very generally esteemed the best and safest means by which a man of limited means, or one dependent on his daily earnings for his support, can make provision to preserve his family from suffering and want after his death. This is the view taken of life insurance policies by the supreme court of the United States. In the case of Bank v. Hume, 128 U. S. 195, 211, 9 Sup. Ct. 41, 46, 32 L. Ed. 370, 377, Chief Justice Fuller, delivering the unanimous judgment of the court, said:

"This argument in the interest of creditors concedes that the debtor may rightfully preserve his family from suffering and want. It seems to us that the same public policy which justifies this, and recognizes the support of wife and children as a positive obligation in law as well as morals, should be extended to protect them from destitution after the debtor's death, by permitting him, not to accumulate a fund as a permanent provision, but to devote a moderate portion of his earnings to keep on foot a security for support already, or which could thereby be lawfully obtained, at least to the extent of requiring that, under such circumstances, the fraudulent intent of both parties to the transaction should be made out."

Instead, therefore, of nullifying the fundamental and basic rule of exemption established by section 6, and curtailing the exemption under the state law, the proviso in question was intended to and does give the bankrupt a right which, in states whose laws do not exempt

policies of life insurance, he would not have without it. The proviso is operative in those states only whose laws do not exempt policies of insurance, and has no application in states whose laws do exempt them. This construction removes all seeming conflict or inconsistency between section 6 and the proviso of section 70, and gives that effect to each which congress plainly intended they should have.

The judgment of the district court is reversed, and the cause remanded, with instructions to that court to set aside the referee's report, and enter judgment in favor of the bankrupts for the policies of insurance claimed by them, respectively.