## In re CARLON.

(District Court, D. South Dakota, S. D. August 12, 1911.)

### No. 639.

1. BANKRUPTCY (§ 396*)—HOMESTEAD—RIGHT TO SELECT UNDER SOUTH DA-KOTA STATUTE.

A bankrupt who some two weeks before the filing of an involuntary petition against him moved with his family in good faith from the home he had previously occupied to another of about the same value was entitled under the laws of South Dakota, which give a debtor the right to select his homestead, to hold the new home exempt as a homestead; the old one having been turned over to his trustee.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 396.*]

2. BANKRUPTCY (§ 396*)—EXEMPTIONS—LIFE INSURANCE—SOUTH DAKOTA STATUTE.

Under Code Civ. Proc. S. D. § 348, which provides that the avails of any life insurance payable to the estate or representatives of the assured, and not assigned, to the extent of $5,000, shall inure to the separate use of his wife, if any, free from his debts, and Civ. Code S. D. § 728, which

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

provides that a policy of life insurance to the extent of $5,000 shall be exempt from debts, policies on the life of a bankrupt, payable to his wife and less than $5,000 in amount, are exempt, and do not pass to his trustee as assets of his estate.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 396.*]

In the matter of John E. Carlon, bankrupt. On review of decision of referee. Affirmed in part, and reversed in part.

W. E. Van Demark, for bankrupt.

Bailey & Voorhees, for trustee.

ELLIOTT, District Judge. This is a case in involuntary bankruptcy in which the bankrupt has filed exceptions to the decision of the referee disallowing in part his claim to exempt property, and refusing to set off to the bankrupt as exempt four policies of life insurance upon the life of the bankrupt, with his wife as beneficiary, and the trustee in bankruptcy filed exceptions to that part of the decision of the referee decreeing that the said bankrupt is entitled to have and to hold as exempt the property claimed by him as his homestead, and particularly described in said order. The two petitions for review were filed and were allowed.

A statement of the facts found by the referee, in so far as they are material to the questions presented by these exceptions, is, in substance, as follows:

Prior to the commencement of the bankruptcy proceedings herein, John E. Carlon was engaged in the buying and selling of grain. He operated an elevator at Emery, S. D., one at Bridgewater, S. D., one at Dickens, Iowa, and one at Cylinder, Iowa. He lived at Emery, Hanson county, S. D., and had resided there for 17 years.

On August 31, 1910, an involuntary bankruptcy petition was filed against him in this jurisdiction, and he was adjudicated a bankrupt, and George E. Todd of Bridgewater, S. D., duly appointed trustee in bankruptcy of his estate, and he is still acting in that capacity.

On the 1st day of December, 1910, the said bankrupt filed with the referee in bankruptcy his schedules in bankruptcy and in schedule B–5 he made claim for exemptions, claiming, among other property, the homestead then occupied by himself and his family, consisting of his wife and five children, which homestead was described as the E. ½ of the N. W. ¼ of section 36, township 102, range 57, in Hanson county, S. D., and also the following life insurance policies, to wit, policy No. 1375586 in the Mutual Life Insurance Company of New York, for $1,000, and three policies for $1,000 each in the New York Life Insurance Company, numbered 908493, 3332387, and 3039897, respectively.

That subsequently, by leave of the referee, the said bankrupt duly obtained leave to file and did file his amended claim for exemptions, claiming as exempt the foregoing insurance policies and limiting the tract of ground claimed as a homestead to one acre in area, described by metes and bounds, and upon which the buildings of the bankrupt were situated, same being a part of the 80-acre tract above described.

That since 1897 the bankrupt has been and is a married man, living with his family, consisting of a wife and five children, and for a number of years has been the owner of ten lots in the town of Emery, on which was located a modern cottage, the value of which is $4,000, incumbered at the time of his bankruptcy by a mortgage of $2,500, which had up to August 18, 1910, and prior to moving upon the tract claimed as exempt, been occupied by the bankrupt and his family.

The said bankrupt was also the owner of an undivided one-half interest in an 80-acre tract of land adjoining the town of Emery, described as the E. ½ of the N. W. ¼ of section 36, township 102, range 57, in Hanson county, S. D. This land prior to July, 1910, was unimproved farm land, and was worth approximately $100 per acre. The land was purchased from the state of South Dakota, and was owned jointly by John E. Carlon and one A. D. Mayer. There was unpaid upon the purchase price of the bankrupt's half interest $1,620, leaving the bankrupt's equity in this land approximately $2,380, exclusive of the improvements subsequently placed thereon, which land was purchased by the bankrupt and Mayer in 1905.

That on or about the 15th day of July, 1910, the bankrupt commenced the construction of a house and barn upon the said 80-acre tract. The barn was completed some time prior to August 18, 1910, but the house was not completed until later in the month of August, 1910. The bankrupt expended in the building of said house and barn the sum of approximately $2,500.

On the 18th day of August, 1910, the bankrupt moved his family from his residence at Emery, S. D., to his new residence on the 80-acre tract. The barn at that time was completed. The house was not completed, but was in the course of construction, and the bankrupt for about three weeks lived with his family in the barn, and afterwards, when the house was completed, moved into the house where he now resides with his family. The referee in bankruptcy further found, as a finding of fact, that the bankrupt had for some time prior to July, 1910, contemplated building on said 80-acre tract, and as much as six months prior to said time had conversations with A. D. Mayer and his wife in which he expressed himself as having the intention of building on said tract.

On August 18, 1910, and for some time prior thereto, John E. Carlon was insolvent, his assets being worth about $35,465, and his liabilities aggregating $43,736. The referee further found from the evidence that the bankrupt on the 1st of August was owing certain sums, and that on or about that time he gave certain chattel mortgages upon certain of his elevators, and on August 15, 1910, the bankrupt's elevators at Bridgewater and Emery were taken possession of and foreclosure of chattel mortgages thereon commenced, and thereupon involuntary petition in bankruptcy was filed by other creditors. The referee further finds that at the time the bankrupt moved with his family from his residence in Emery, S. D., to his new house on the 80-acre tract, he did so without contemplating bankruptcy, in good faith, with the intent and purpose upon his part to abandon his old

homestead and to make his home with his family in the new home, and that in doing so he did not intend to hinder, delay, or defraud his creditors. He also finds that the former homestead of the bankrupt had been taken possession of by the trustee in bankruptcy, and was subsequently sold by the trustee for $3,200, and the estate of the bankrupt received the benefit of such sale, and that there was only a small difference in value of the two homes.

The referee further found, with reference to the four life insurance policies above referred to, that policy No. 1375586 in the Mutual Life Insurance Company of New York, for $1,000, has a cash surrender value, which on August 1, 1911, was $228, together with compound interest credits, which on August 1, 1911, amounted to $62.80, and, if said policy is surrendered before August 1, 1911, such cash surrender value should be discounted at the rate of 5 per cent. per annum. Also the three policies in the New York Life Insurance Company for $1,000 each by their terms do not provide for an express surrender value. These policies, however, have an actual intrinsic value in that said company would pay on October 10, 1910, for the surrender of said policies the following amounts, to wit: On No. 908493, $210; on No. 3039897 the sum of $263; and on No. 3332387 the sum of $221. And, further, that said New York Life Insurance Company will pay for said policies, if the same are surrendered at any time, such amounts in addition to the foregoing amounts, as may have accumulated on said policies since October 10, 1909. The referee thereupon determined that the said bankrupt on August 31, 1910, was and ever since has been the head of a family, as defined by the laws of the state of South Dakota in reference to homesteads and exemptions, and that he in good faith, and without any intent to hinder, delay, or defraud his creditors, moved with his family from his homestead in the town of Emery to his new homestead on the 80-acre tract of farm land, and that he is entitled to claim, hold, and to have set off to him as exempt, as his homestead, an undivided one-half interest in and to one acre of ground, with buildings thereon, the same being a part of the E. ½ of the N. W. ¼ of section 36, township 102, range 57, in Hanson county, S. D., and described by metes and bounds as set forth in said amended schedule.

He further found: That the life insurance policies above referred to constitute assets belonging to the estate of the bankrupt and pass to the trustee in bankruptcy of said estate, subject to the bankrupt's right to redeem the same upon payment by him of the surrender value or actual value of said policies, as provided by section 70, subd. 5, Bankr. Act July 1, 1898, c. 541, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451), and the amendments thereto. That all of said life insurance policies pass to and are the property of the trustee in bankruptcy of the estate of the bankrupt, and that he is entitled to have and to hold the same, free from any claim of exemptions on the part of the bankrupt. That the said bankrupt is not entitled to claim as exempt under the laws of the state of South Dakota the said life insurance policies or any of them. The referee in bankruptcy thereupon entered an order setting aside the property claimed by the bankrupt as a home-

stead, and refusing to set off to the bankrupt as exempt the insurance policies above described. From this order both parties have appealed.

[1] Upon the question of the right of the bankrupt to the homestead exemption demanded in his amended schedule, under the findings of the referee and upon the entire record submitted for consideration upon this review, in my opinion the referee's conclusion is right, and that portion of his order allowing said bankrupt his homestead exemption should be sustained. The Constitution of the state of South Dakota provides that:

"The right of the debtor to enjoy the comforts and necessities of life shall be recognized by wholesome laws exempting from forced sale a homestead, the value of which shall be limited and defined by law, to all heads of families. * * *" Const. S. D. art. 21, § 4.

Pursuant to this constitutional provision, the statutes of the state of South Dakota provide:

"The homestead of every family, resident in this state, as hereinafter defined, to the extent of $5,000 in value, whether such homestead be owned by the husband or wife, so long as it continues to possess the character of a homestead, shall be exempt from judicial sale, from judgment lien, and from all mesne or final process from any court." Revised Pol. Code, § 3215.

"The homestead must embrace the house used as a home by the owner thereof, and, if he or she has two or more houses thus used at different times and places, such owner may select which he or she will retain as a homestead." Id. § 3222.

"The property mentioned in this section is absolutely exempt from all process, levy or sale * * * to all heads of families a homestead * * * or a house and lot or lots or parcel of ground in any town or city * * * not exceeding one acre of ground, which lot or lots, or parcel of ground and improvements shall not exceed $5,000 in value, to be selected by the debtor or his agent or attorney." Revised Code Civ. Proc. § 345.

Section 6 of the bankruptcy act provides that:

"This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition, in the state wherein they have had their domicile for the six months or the greater portion thereof, immediately preceding the filing of the petition." Bankr. Act 1898, § 6A.

The question to be determined is whether or not the premises occupied by the bankrupt and claimed by him as being exempt were, under the laws of the state of South Dakota, the homestead of himself and family. The referee has found the facts in this case, and I am satisfied his findings are supported by the record, and under the findings, applying the law of this state as it has been construed by the Supreme Court of the state, this bankrupt clearly had the right to select the property in question as his homestead. The referee has found that he had owned this one-half interest in this property for some years; that he had determined for reasons shown in the record to build a little home and occupy a portion of this land long prior to the time of his bankruptcy; that there was no fraud; that he moved upon this property with his family, in good faith, without any intent to hinder, delay, or defraud his creditors, turned the old homestead over to the trustee in bankruptcy, and the same has been sold by the

trustee and the proceeds of such sale are held for distribution to his creditors. The record in this case shows no contention upon the part of any one that this debtor did not select this particular piece of property as his homestead, no question of abandonment after such selection, no question of an excessive value in this property implying fraud, no denial that the trustee has sold the old homestead that was abandoned when he removed to. the new homestead; in fact, nothing except suspicion upon which to base a suggestion that every act of the bankrupt was not in the best of good faith.

In this state of the record and with the findings of the referee there can be no question as to the intent of the bankrupt to impress this property claimed as his homestead with his homestead right under the statutes of the state of South Dakota. The bankrupt's use and occupation of these premises were such as to prove them to be the home of himself and his family, that they so used it, and that the character and such use were permanent, continuous, and were neither transient or for temporary convenience. It is such use with intent or the use and intent combined which impress the homestead stamp on real estate. Wap. Homestead, 190; Clark v. Evans et al., 6 S. D. 244, 60 N. W. 862. My judgment is that these premises were impressed with the stamp of a homestead so as to entitle the bankrupt to the exemptions demanded in his amended schedules, and that portion of the order of the referee setting the same apart to him as exempt property should be affirmed.

[2] The next question for consideration is involved in the appeal of the bankrupt from that part of the order of the referee disallowing in part his claim to exempt property and refusing to set off to the bankrupt as exempt the four policies of life insurance upon the life of the bankrupt, with his wife as beneficiary, as fully set forth in the foregoing statement of facts.

Keeping in mind section 6 of the bankruptcy act of 1898 above quoted, which provides that this act does not affect the allowance to bankrupts of the exemptions prescribed by state laws, it becomes necessary to consider section 70a of the bankruptcy act of 1898, which provides that when a bankrupt has any insurance policy which has a cash surrender value that he may, within 30 days after the cash surrender value has been ascertained, pay or secure to the trustee the sum so ascertained, and continue to hold, own, and carry such policy free of claim or claims of creditors.

Conflicting views as to the operation upon section 6 of the proviso in section 70a referred to were entertained by different courts, and the question finally settled for this circuit by Judge Caldwell in Re Steele et al. v. Buel et al., 104 Fed. 968, 44 C. C. A. 287, and by the decision of the United States Supreme Court in the case of Holden v. Stratton, 198 U. S. 202, 25 Sup. Ct. 656, 49 L. Ed. 1018. It is there held that section 70a deals not with exemptions, but solely with the nature and character of property, title to which passes to the trustee in bankruptcy, and this is followed by enumeration under six headings, of the various classes of property which pass to the trustee. The court further states:

"Clearly the words 'except in so far as it is to property which is exempt' make manifest that it was the intention to exclude from the enumeration property exempt by the act."

It is further held in this opinion that this qualification necessarily controls all the enumerations, and therefore excludes exempt property from all the provisions contained in the respective enumerations. That section 70a deals only with property which, not being exempt, passes to the trustee, and under this decision the sole question upon this record is, Were these insurance policies exempt, under the laws of the state of South Dakota? The law of the state of South Dakota upon the subject of the exemption of life insurance policies is somewhat involved, and, so far as I can learn, has never been interpreted by a decision of the Supreme Court of the state except in the case of Skinner v. Holt et al., 9 S. D. 427, 69 N. W. 595, 62 Am. St. Rep. 878. Section 728 of the Civil Code of South Dakota, in reference to the exemption of insurance policies, provides as follows:

"A policy of insurance, to the extent of $5,000 on the life of an individual, in the absence of an agreement or assignment to the contrary, shall inure to the separate use of the husband or wife and children of said individual, independently of his or her creditors; and an endowment policy, payable to the assured on attaining a certain age, to the amount of $5,000 shall be exempt from liability from any of his or her debts, and the avails of any life insurance, or any other sum of money, not exceeding in amount $5,000, made payable by any mutual aid or benevolent society upon the death of a member of such society are not subject to the debts of the deceased."

Section 348 of the Code of Civil Procedure of South Dakota provides as follows:

"The avails of any policy or policies of insurance heretofore or hereafter issued upon the life of any person and payable upon the death of such person, to the order, assigns, estate, executors or administrators of the insured, and not assigned to any other person, shall if the insured in such policy at the time of death reside or resided in this state and leave or left surviving a widow or husband or any minor child, to an amount not exceeding in the aggregate the sum of $5,000, inure to the separate use of such widow or husband or minor child or children or both, as the case may be, independently of the creditors of such deceased, and to such an amount shall not in any action or proceeding, legal or equitable, be subject to the payment of any debts of such decedent."

In the case above cited the Supreme Court held the first provision above set forth as it then existed unconstitutional, it at that time not having the $5,000 limitation, and held that a law which exempts to a debtor or his family all the money attainable from the policies of all the life insurance companies in existence furnishes no basis for computation or measure of value and is manifestly unreasonable and clearly repugnant to that provision as to exemptions for a "reasonable amount of personal property the kind and value of which to be fixed by general laws." The court has construed this section of the law which was exactly as it is now except that the $5,000 limitation has been added to bring it within that decision of the Supreme Court, and used the following language:

"Endowment life insurance partakes of the nature of an investment, and like other insurance is often obtained by and made payable to the assured, his executors, administrators or assigns, for the sole purpose of creating a

fund subject to the payment of his debts and upon which his creditors may securely rely in case other resources fail. The clear intent of the Legislature as expressed in the foregoing enactment was to defeat such purpose, and create a statute exempting from the payment of debts, without any limitation whatever, the total amount of life insurance which can be in any manner obtained on the life of the assured." Skinner v. Holt, 9 S. D. 432, 69 N. W. 596, 62 Am. St. Rep. 878.

Modify this language of the Supreme Court by inserting the $5,000 limitation and eliminating the words, "without any limitation whatever," and you have a construction of the statute as it now stands.

Subsequent to the decree of the county court from which this appeal was taken and before the same was argued in the Supreme Court, the statutory provision last above set forth was enacted by the Legislature of this state. It thereupon became necessary for the court to determine what, if any, effect this latter statute had upon the rights of the parties to the action. In determining this question, the purpose and intent of the Legislature as viewed by the Supreme Court was expressed as follows:

"We find ourselves unable to avoid the inevitable deduction that it was clearly the express purpose of the framers thereof to exempt from the payment of existing debts the avails of all life insurance policies heretofore or hereafter issued.  *  *  * "

The court then goes on to hold the same inoperative in so far as the same relates to antecedent contracts, but sustains the purpose and intent of the Legislature in its operation in all other respects. Skinner v. Holt, 9 S. D. 435, 69 N. W. 595, 62 Am. St. Rep. 878. I, also, note that in Holden v. Stratton, supra, the statute of the state of Washington exempting the proceeds or avails of life insurance simply provides "that the proceeds or avails of all life insurance shall be exempt from all liability for any debt." In this case it was urged in the Supreme Court that this statute "relates only to a fund realizable by death," and therefore the words "all life insurance" in the Washington statute must be given that restricted meaning. It was further urged that exemptions of life insurance policies do not generally protect the avails of insurance from pursuit by creditors of the insured where the proceeds of the policy are payable to his estate, nor do they protect the avails of insurance from pursuit by the creditors of the wife of the insured where she is a beneficiary. In that case the wife was the beneficiary in both of the policies, and was also one of the bankrupts. In one of the policies the husband was entitled, if he survived the 20-year period, to surrender the policy and receive its cash value. The court held under this condition and under this state of facts that such a construction should not be placed upon the Washington statute; that the error in the argument was manifest; that the broad terms of the statute as ordinarily understood embraced both of the policies, and it would not be construction, but legislation, to restrict the meaning of the statute in accord with narrower legislation in other states. Under this interpretation it is possible to sustain an exemption of all life insurance policies to an amount not exceeding $5,000, regardless of their terms, and whether the insured is deceased or not under section 348 of the Code of Civil Procedure of

South Dakota. It is not necessary, however, under the statutes of this state, to place this construction upon section 348, and for the purposes of this case it is sufficient to hold that this section exempts the avails of any policy of insurance to the extent of $5,000 to the persons therein named. ·Section 728 of the Civil Code of South Dakota just as clearly protects a "policy of insurance" to the extent of $5,000 on the life of an individual, and provides that the same shall inure to the separate use of the husband or wife and children of said individual independently of his or her creditors. It also makes provision for an endowment policy in the same sum, and provides that this shall be exempt from liability from any of his debts.

A casual reading of this section naturally impresses one with the thought that this section is to provide against the claim that is contended for in this case that this exemption of insurance policies does not obtain except in case of death. Section 728 of the Civil Code is not in conflict with section 348 of the Code of Civil Procedure in this view. The former exempts the policy of insurance in the hands of the individual in any sum less than $5,000, and the latter section exempts the avails of any policy of insurance after death. This was the evident intent of the Legislature in the enactment of both of these sections. Life insurance is generally esteemed the best and safest measure by which a man of limited property, or one dependent on his daily earnings, can make provision to preserve his family from suffering and want after his death. In my judgment these two statutes giving them the effect I have indicated are but an expression of that public policy which justifies a debtor in preserving his family from suffering and want, and recognizes the support of wife and children as an obligation of the debtor greater than the claims of any creditors, and that law as well as morals should be extended to protect them from destitution after the debtor's death by permitting him, not to accumulate a fund as a permanent provision, but to devote a moderate portion of his earnings to keep policies of insurance within a reasonable sum, limited in this state to the sum of $5,000, a security for their support. It follows that, entertaining this view of these exemption statutes as they apply to insurance policies within the state of South Dakota, the four policies referred to in the order of the referee appealed from herein are not assets of the bankrupt estate. That portion of the order of the referee appealed from by the bankrupt herein refusing to set off to the bankrupt as exempt the policies of life insurance referred to therein should be reversed and judgment entered in favor of the bankrupt for the four policies of insurance claimed by him, and also affirming the portion of the order appealed from by the trustee setting aside the homestead to the bankrupt.

Judgment will be entered accordingly.