### JENS v. DAVIS.

(Circuit Court of Appeals, Eighth Circuit. May 15, 1922.)

No. 220.

Bankruptcy ⬡⟋396(3)—Under Iowa statute, insurance for benefit of wife is exempt, notwithstanding right to change beneficiaries.

> Under Code Iowa, § 1805, providing that a life insurance policy shall inure to the separate use of the husband, or wife and children, of insured, independently of his creditors, and making similar provisions concerning the proceeds of an endowment policy and other policies, a life insurance policy payable to the wife of insured is exempt, notwithstanding a provision in the policy permitting insured to change the beneficiary, and the trustee in bankruptcy is not entitled to the cash surrender value of the policy.

Petition to Revise Order of the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

In the matter of Henry John Jens, bankrupt. On petition by the bankrupt, opposed by John W. Davis, as trustee, to revise an order of the District Court (273 Fed. 606) denying the bankrupt's claim of exemption in policies of life insurance. Reversed, and cause remanded, with instructions to allow the exemption.

Addison G. Kistle, of Council Bluffs, Iowa (George S. Wright and W. H. Schurz, both of Council Bluffs, Iowa, on the brief), for petitioner.

John M. Galvin, of Council Bluffs, Iowa (W. A. Byers and D. T. Sullivan, both of Council Bluffs, Iowa, on the brief), for respondent.

Before SANBORN and STONE, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. The bankrupt has filed a petition to revise an order of the District Court denying the bankrupt's claim of exemption in policies of life insurance. At the time of filing his pe-

⬡⟋For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tition and at the time of the adjudication in bankruptcy the bankrupt was a married man and the head of a family, and resided in Iowa. The bankrupt was the owner of several policies of insurance upon his life in each of which his wife was named as beneficiary. By the terms of the policies the insured had the right to change the beneficiary at any time without the consent of the beneficiary. By another provision of the policies, the insurer agreed to pay its cash surrender value upon receipt of the policy and a full surrender of all claims under it. The insurer required a surrender under such policies to be signed by both husband and wife. Three months after the adjudication the bankrupt and his wife executed a written surrender of these policies to the insurer, but the surrender was not accepted by the insurer. The trial court was of the opinion that the trustee in bankruptcy was entitled to the surrender value of these policies. It has been settled, since the decision in Holden v. Stratton, 198 U. S. 202, 25 Sup. Ct. 656, 49 L. Ed. 1018, that the exemptions of such policies are to be determined by the laws of the state. Section 1805, Code of Iowa (1897), reads as follows:

"A policy of insurance on the life of an individual, in the absence of an agreement or assignment to the contrary, shall inure to the separate use of the husband or wife and children of said individual, independently of his creditors. The proceeds of an endowment policy payable to the assured on attaining a certain age shall be exempt from liability for any of his debts. Any benefit or indemnity paid under an accident policy shall be exempt to the assured, or in case of his death to the husband or wife and children of the assured, from his debts. The avails of all policies of life or accident insurance payable to the surviving widow shall be exempt from liability for all debts of such beneficiary contracted prior to the death of the assured, but the amount thus exempted shall not exceed five thousand dollars."

There is an absence of controlling decisions by the Supreme Court of Iowa interpreting this statute, but in the case of In re Steele (D. C.) 98 Fed. 78, the effect of this statute was involved as applied to a similar claim of exemption of policies of life insurance, some of them upon the life of a husband and others upon the life of his wife both husband and wife being bankrupt. One of the policies was payable to one of the bankrupts or to his personal representatives or assigns. It had a surrender value payable to the insured. Two other policies were issued to one of the bankrupts upon the life of the other and the holder was entitled to the surrender value. Another policy, in the nature of an endowment policy, was payable at the end of a term of years to the husband, if then living, or to his wife, if he died before the end of the term. The surrender value was payable to the husband. These policies were held not to be exempt to the bankrupts, but this decision was reversed by this court in the case of Steele v. Buel, 104 Fed. 968, 44 C. C. A. 287, upon a comparison of the section of the Iowa statute which has been quoted and of the terms of the Bankruptcy Act (Comp. St. §§ 9585–9656), and the policies of insurance were held to be exempt. Counsel for the trustee admit the applicability of this decision to the facts involved in this case, but contend that the question of the right of the bankrupts was not controverted, but accepted as a conceded fact. There has been some difference of opinion in the decisions on the prop-

er interpretation of state statutes relating to the exemption of insurance policies and their proceeds as against the trustee in bankruptcy of the insured. The terms of the exemption statutes also differ, but under some statutes exempting policies of insurance or their proceeds, where the policies were taken out for, or assigned for the benefit of, the wife or children of the insured, it has been held that the fact that the insured can change the beneficiary, and can collect the surrender value of the policy, takes such a policy without the statute, as it is not solely for the benefit of the wife or children. In re Jamison Bros. & Co. (D. C.) 222 Fed. 92; In re Shoemaker (D. C.) 225 Fed. 329; In re Jones (D. C.) 249 Fed. 487.

Other decisions have held that the fact that the insured could change the beneficiary or could receive the surrender value does not avoid the exemption of a policy on the bankrupt's life payable to a married woman, under statutes providing that a policy of insurance payable to, or for the benefit of, a married woman inures to her benefit free from the claims of creditors. In re Whelpley (D. C.) 169 Fed. 1019; In re Johnson (D. C.) 176 Fed. 591; In re Carlon (D. C.) 189 Fed. 815; In re Morse (D. C.) 206 Fed. 350; In re Young (D. C.) 208 Fed. 373; In re Fetterman (D. C.) 243 Fed. 975; Black on Bankruptcy (3d Ed.) § 243.

The same question was presented to this court, and was decided in In re Orear, 189 Fed. 888, 111 C. C. A. 150. A statute of Missouri provided that a policy of life insurance "expressed to be for the benefit of the wife of the insured shall inure to her separate benefit independently of the creditors" (Rev. St. 1909, § 6944) of the husband. A policy of insurance on the life of a husband, payable at his death to his wife, allowed him to change the beneficiary, to obtain its surrender value, or to obtain loans upon it as collateral security. The insured became a bankrupt without having exercised any of these rights. The decision in that case held that such a policy did not pass to the trustee in bankruptcy, because its primary purpose was the insurance of the wife, and the right to make a change of beneficiary or to surrender the policy was but incidental to its main purpose, and the rights of the parties were fixed at the time of the adjudication. It was also pointed out that, in the modern conduct of the life insurance business, practically all policies contain such provisions, and the exemption statute would have almost no field of operation, if it applied only to policies without such privileges to the insured.

The principles announced in that decision determine the questions presented in this case. They are in harmony with decisions of other courts, accord with the liberal construction usually given to exemption laws (Smith v. Thompson, 213 Fed. 335, 129 C. C. A. 637; Hills v. Joseph, 229 Fed. 865, 144 C. C. A. 147; 25 Corp. Jur. 10), apply to the situation at the time of the filing of the petition (Everett v. Judson, 228 U. S. 474, 33 Sup. Ct. 568, 57 L. Ed. 927, 46 L. R. A. [N. S.] 154), and as so applied to the Iowa statute in the case of Steele v. Buel, supra, they give effect to the words of the statute, that the policy of insurance itself inures to the separate use of the husband or wife and children of the insured, independently of his creditors. The Iowa stat-

ute does not say that the exemption is contingent upon the absence from the policy of a right to accept a surrender value or of the right to change the beneficiary, but the construction placed upon the statute by the trustee requires the inadmissible interpolation of conditions. to that effect.

The judgment of the lower court will be reversed, and the cause remanded, with instructions to allow the exemption of the policies of insurance.