## In re LA TOURETTE.
### No. 9143.

District Court, E. D. Missouri, E. D.
June 2, 1938.

Edward W. Tobin, of St. Louis, Mo., attorney for bankrupt.

Oliver Blackinton, of St. Louis, Mo., for trustee.

DAVIS, District Judge.

This petition seeks the review of an order of the Referee denying exemption of two life insurance policies on the life of bankrupt and overruling bankrupt's exceptions to the report of the Trustee. In his

---

632

report, the Trustee refused to set aside and apart as exempt, under the provisions of Section 5739, R.S.Mo.1929, Mo.St.Ann. § 5739, p. 4383, the policies in which the wife of bankrupt was, at the time of the filing of the petition in bankruptcy, as well as on the date of the adjudication thereon, the designated beneficiary.

The Trustee contends the policies are not exempt, under his interpretation of the Missouri statute of exemption and certain provisions of the Bankruptcy Act, because the bankrupt reserved the right to change the beneficiary, which reservation prevented his wife from having a vested interest. The bankrupt, on the other hand, contends that the law clearly gives him the right to exemption with regard to these policies, irrespective of whether or not his wife has a vested interest.

The Court makes the following findings of fact:

1. That on June 10, 1937, Emmett W. LaTourette filed in the United States District Court for the Eastern Division of the Eastern Judicial District of Missouri his voluntary petition in bankruptcy, and on said date was duly adjudicated a bankrupt thereon, and the matter was thereupon referred generally to the Referee for administration.

2. That on August 17, 1937, David K. Breed was duly appointed and thereupon qualified as Trustee of the estate of the said bankrupt and has since continued to act as such Trustee.

3. That in the course of the proceedings before the Referee, the bankrupt filed on July 8, 1937, schedules in bankruptcy, and that under the appropriate heading in said schedules, the said bankrupt asserted and claimed, among others, the following exemptions:

"Two policies of insurance on the life of bankrupt in the Pacific Mutual Life Insurance Company. One in the amount of $3,000.00 the other in the amount of $2,-000.00. Alice LaTourette, wife of bankrupt, is beneficiary in these policies and they are claimed as exempt under Section 5739 of the R.S. of Missouri, 1929...... $5,000.00."

4. That the life insurance policies claimed as exempt by the bankrupt were issued by the Pacific Mutual Life Insurance Company on the life of the bankrupt.

5. That each of said insurance policies when issued contained a provision on the face of the policy reserving the right to the insured to change the beneficiary named in the policy.

6. That Emma K. LaTourette, the mother of the insured, was designated on the face of each of said policies as beneficiary therein when the same were issued.

7. That on August 29, 1922, the beneficiary in each of said policies was changed by the insured from his mother to his wife, Alice Freeman LaTourette, by an endorsement on the back of said policies, and that in said endorsement so changing said beneficiary, it was provided that the insured reserves "the right to change the beneficiary at any time hereafter in the manner and form provided in the policy".

8. That in each of said policies of life insurance, from August 29, 1922, down to the present time, Alice Freeman LaTourette, wife of bankrupt, has been, and is now, the designated beneficiary.

9. That the insured at all times from August 29, 1922, down to the present time, has reserved to himself the right to change the beneficiary in each of said policies.

10. That on the date of the filing of the petition in bankruptcy and the adjudication in bankruptcy the cash surrender value of the two policies was the sum of two thousand forty-four dollars and eighty-two cents ($2,044.82).

11. That the aggregate or total annual premiums payable on said two policies of life insurance amount to less than five hundred dollars ($500) per year.

12. That under date of September 15, 1937, the Trustee filed his report of exempt property, denying bankrupt's claim of exemption relating to the said policies of life insurance, for the reason that "the insured having reserved a right to change the beneficiary of said policies, the same are not exempt under the law".

13. That on September 20, 1937, the bankrupt excepted to the Trustee's report denying claim of exemption of the said policies of life insurance by filing his duly verified exceptions to said report.

14. That said exceptions of the bankrupt were upon due notice set for hearing before, and heard by, the Referee under date of October 1, 1937.

15. That on October 29, 1937, the Referee entered an order overruling bankrupt's exceptions to the Trustee's report of exempt property, and that within due time, the bankrupt, on November 22, 1937, filed

his petition for review of said order of the Referee.

In our opinion, the life insurance policies in this case are exempt even though the insured retained the right to change the beneficiary. Section 6 of the Bankruptcy Act, 11 U.S.C.A. § 24, provides: "(a) The provisions of this title shall not affect the allowance to bankrupts of the exemptions which are prescribed by the State laws in force at the time of the filing of the petition in the State wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition."

Section 5739, R.S.Mo.1929, Mo.St.Ann. § 5739, p. 4383, exempts life insurance policies upon the fulfilment of two conditions: First, that the policy shall be "expressed to be for the benefit of the wife of the insured", and second, that the maximum of exemption allowed on such insurance is the amount of insurance that $500 per year in premiums will purchase. The statute provides: "Any policy of insurance heretofore or hereafter made by any insurance company on the life of any person, expressed to be for the benefit of the wife of the insured, shall inure to her separate benefit, independently of the creditors, executors and administrators of the husband."

The policies in question meet the requirements of the statute: the wife is the beneficiary, and the premiums on the insurance policies is less than five hundred dollars a year.

The Trustee contends that where, as in this case, the insured retains the right to change the beneficiary, that the beneficiary does not have a vested interest; and that where a wife does not have a vested interest, the requirements of the Missouri exemption statute are not met. We cannot agree with that contention. To so read the statute would make it a nullity, as was said by the Circuit Court of Appeals for the Eighth Circuit in the case of In re Orear, 189 F. 888, 892: "it would practically nullify the statute, revised and re-enacted as late as 1899, because, as already stated, substantially all modern policies give the insured the right to change the beneficiary and confer upon him a right of surrender and to borrow upon the policy. * * * If these provisions, which have for several years appeared in substantially every policy, would preclude the operation of this statute, then when last enacted it

was a mere idle form of words and referred only to an obsolete kind of policy."

The Trustee argues that the estate is entitled to the cash surrender values of the two insurance policies because of the decision of the United States Supreme Court in Cohen v. Samuels, 245 U.S. 50, 38 S.Ct. 36, 62 L.Ed. 143. But an examination of the Cohen Case reveals that the Court was not dealing with a case where insurance policies were exempted by State law. It was pointed out in Smith v. Metropolitan Life Insurance Co., 3 Cir., 43 F.2d 74, loc. cit. 76, that the decision in the Cohen Case was based upon the provisions of Section 70a of the Bankruptcy Act, 11 U.S.C.A. § 110(a), which does not apply to policies which are exempt under a State law.

It has been held by the Supreme Court of the United States and by the Circuit Court of Appeals for the Eighth Circuit that a trustee in bankruptcy takes title only to property of the bankrupt which is not exempt under the laws of the State. Holden v. Stratton, 198 U.S. 202, 25 S.Ct. 656, 49 L.Ed. 1018; Steele et al. v. Buel et al., 8 Cir., 104 F. 968; Jens v. Davis, 8 Cir., 280 F. 706. The Trustee in this case cannot take title to the policies because they are exempt under the laws of Missouri.

In Gilbert's Collier on Bankruptcy, Fourth Edition, Section 1499, the following statement of the law is made: "It is now definitely established that in States where life insurance policies are exempt, the trustee of the insured has no rights in them even though they have cash surrender values."

A similar statement of the law applicable to the instant case is made in 8 C.J.S., Bankruptcy, § 188 c, as follows: "Where, under the state law, a life insurance policy payable to the wife of the insured is exempt from the claims of creditors of insured, the cash surrender value of a policy payable to the bankrupt's wife as beneficiary does not pass to the trustee, although the bankrupt has the power to change the beneficiary."

The Trustee has shown no case overruling the decision of our Circuit Court of Appeals in the Orear Case, supra, which upon its facts is substantially the same as the case at bar. Consequently, we feel constrained to follow that case, and hold these policies are exempt from the claims of creditors.

634

The Court makes the following conclusions of law:

1. That under the provisions of Section 5739, R.S.Mo.1929, Mo.St.Ann. § 5739, p. 4383, and the provisions of Sections 6 and 70·of the Bankruptcy Act, as amended, 11 U.S.C.A. §§ 24, 110, the said policies of life insurance, and each of them, on the life of bankrupt, are exempt from the claims of the creditors herein.

2. That the Trustee in bankruptcy, under the provisions of said section of the statutes of the State of Missouri, and the applicable provisions of the Bankruptcy Act, as amended, has acquired no right, title, estate, claim or interest of any kind in, against, or to said exempt policies of life insurance, or either of them.

The Referee's order of October 29, 1937, overruling exceptions of bankrupt to report of trustee refusing to set aside as exempt certain policies of life insurance, is overruled and the said order set aside and for naught held. The Court sustains said exceptions and sets aside as exempt the said policies of life insurance.

An order, accordingly, may be tendered for approval, signature and entry.